IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 03-27-M-DWM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| DOUGLAS GEORGE JENSEN, | |
| Defendant. | |

## I.  Synopsis

The United States accused Douglas George Jensen ("Mr. Jensen") of

violating his conditions of supervised release by consuming alcohol on January 10,

2018, and February 1, 2018.  The Court engaged in a colloquy with Mr. Jensen,

imparting upon him the seriousness of his situation and the consequences of future

violations.  It is therefore recommended that Mr. Jensen's supervised release

should not be revoked at this time.

## II.  Status

1

On October 22, 2003, Mr. Jensen was found guilty of Possession of a

Controlled Substance with Intent to Distribute at a bench trial before United States

District Judge Donald W. Molloy.  (*See* Doc. 51).  On February 24, 2004, Judge

Molloy sentenced Mr. Jensen to life imprisonment, with ten years of supervised

release to follow if Mr. Jensen were ever released from custody.  (*See* Docs. 59,

66).

On August 3, 2016, based on an application for clemency supported by

Judge Molloy, President Barack Obama issued an Executive Order of Clemency to

Mr. Jensen.  (Doc. 93).  As a result, Mr. Jensen's sentence of imprisonment was

commuted, and Mr. Jensen was released on conditions of supervised release for a

term of 120 months.  Mr. Jensen began his current term of supervised release on

December 27, 2017.

**Petition**

On February 6, 2018, the United States Probation Office filed a Petition for

Warrant for Offender Under Supervision alleging that Mr. Jensen violated the

terms of his supervised release.  (Doc. 95).  The petition alleged that on January

12, 2018, Mr. Jensen submitted a urine sample which was positive for alcohol use,

and admitted to consuming three beers on January 10, 2018.  The petition also

alleged that on February 1, 2018, Mr. Jensen again submitted a urine sample which

was positive for alcohol use, and admitted to consuming three beers on January 28, 2018.  (*Id.* at 2).  Based on the petition, Senior United States District Judge Donald W. Molly ordered that a summons be issued directing that Mr. Jensen appear before the undersigned on February 13, 2018.  (Doc. 96).

**Initial appearance**

Mr. Jensen appeared before the undersigned on February 13, 2018, in Great Falls, Montana.  Federal Defender Anthony Gallagher accompanied him.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Jensen stated that he had read the petition and understood the allegations. The Court advised Mr. Jensen that the maximum sentence for revocation of his supervised release was sixty months in prison, followed by 120 months of supervised release, less custody time imposed.  The Court  also advised Mr. Jensen of his right to a preliminary hearing which Mr. Jensen waived.

The Court then engaged in a colloquy with Mr. Jensen.  The Court imparted to Mr. Jensen in no uncertain terms the incredible rarity of an Executive Grant of Clemency from President Barack Obama, and the extraordinary effort expended on his behalf by Judge Molloy to have his sentence commuted.  The Court stated that Mr. Jensen had been given the opportunity to succeed by none other than the President of the United States, and as such, the Court reiterated in its harshest

terms that *any* violation of the conditions of his supervised release cannot and will

not be tolerated, and will invariably lead to the revocation of his supervised

release.

Mr. Jensen addressed the Court and stated that he understood the severity of

his situation and that he greatly appreciated President Obama's action and the

effort Judge Molloy expended on his behalf.  Mr. Jensen advised the Court that

further compliance with the terms and conditions of his supervised release would

not be an issue.

### III.   Analysis

Mr. Jensen's supervised release should not be revoked at this time.  The

Court is satisfied with Mr. Jensen's understanding of the consequences of any

future violation.  Therefore, the Court recommends that the petition to revoke Mr.

Jensen's supervised release be dismissed and that Mr. Jensen be allowed to

continue his supervised release subject to the same conditions as originally

imposed.

### IV.   Conclusion

Mr. Jensen was advised that the above Findings and Recommendations

would be forwarded to Judge Molloy for his review and consideration.  The Court

reminded him of his right to object to these Findings and Recommendations within

14 days of their issuance.  The undersigned explained that Judge Molloy would

consider his objection, if it is filed within the allotted time, before making a final

determination.

The undersigned **FINDS:**

> Mr. Jensen understands the alleged violations against him and
> understands that he is subject to revocation for any future violations of
> the conditions of his supervised release.

The undersigned **RECOMMENDS:**

> The District Court should Order that the Petition for
> Summons for Offender Under Supervision (Doc. 95) be
> dismissed and that  Mr. Jensen should be allowed to
> remain on supervised release, subject to the same
> conditions as previously set forth.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 20th day of February, 2018.


John Johnston
United States Magistrate Judge