IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS GEORGE JENSEN,<br><br>Defendant. | CR 03–27–M–DWM<br><br><br>ORDER |

Defendant Douglas George Jensen has moved for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e). (Doc. 126.) The United States opposes. (Doc. 128.) For the reasons discussed below, Jensen's motion is granted.

### BACKGROUND

On February 24, 2004, Jensen was sentenced to life imprisonment followed by 10 years of supervised release, having been found guilty in a bench trial of the offense of possession with the intent to distribute methamphetamine. (Docs. 48, 59, 66.) On August 3, 2016, President Barack Obama signed an Executive Grant of Clemency terminating Jensen's custodial sentence. (Doc. 93.) Initially, Jensen struggled to comply with the terms of his supervised release, committing several violations of conditions related to alcohol consumption, counseling, and testing between 2018 and 2020. (*See* Docs. 94, 104–06.) Jensen's supervision was

1

revoked on December 9, 2021, and Jensen was sentenced to time served followed by three years of supervised release. (Doc. 120.) Since that date, Jensen has fully complied with the terms of his supervision. (Doc. 126 at 3.)

## ANALYSIS

"[D]istrict courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). The Court may, upon consideration of particular § 3553(a) factors, terminate a defendant's term of supervised release after the defendant has served one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Relevant factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the sentencing guidelines, policy statements, and commentary issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among defendants with similar records; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (incorporating by reference § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7)).

Jensen contends that he has proven over the past 24 months he is able to conform his conduct to the law and that he has been deterred from future criminal behavior. Jensen asserts he owes no restitution, and the interests of justice would be served by discharging his remaining term of supervision as the positive changes in his life will continue to protect the public well after the termination of his official supervision. The United States argues that, although Jensen's compliance is commendable, Jensen's history and past supervised release violations counsel against early termination. Jensen has the better argument.

The relevant sentencing factors weigh in favor of early termination. Now 64 years old, Jensen has successfully completed two years of his three-year term of supervised release without any issues or additional violations. He has maintained steady employment and housing. United States Probation Officer Tom Kelly, who currently supervises Jensen, believes that "supervision is no longer needed for Mr. Jensen [and he] will continue to live his current (productive) life-style with or without supervision." (Doc. 127 at 3, 5.) Despite his past mistakes, Jensen has shown the Court that he is rehabilitated and no longer poses a danger to the public. Having considered the factors in 18 U.S.C. § 3553(a), Jensen's conduct, and both parties' arguments, the Court is satisfied that early termination is warranted by "the interest of justice." 18 U.S.C. § 3583(e)(1).

CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion (Doc. 126) is GRANTED. As of the date of this Order, Defendant's supervision is terminated.

DATED this 12th day of December, 2023.

Donald W. Molloy, District Judge
United States District Court